

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 15, 1967

Hon. Charles H. Bolton                    Opinion No. M-25
County Attorney
Bosque County                             Re:  Construction of Senate Bill
Meridian, Texas                                392, Acts of the 59th Legis-
                                               lature, Regular Session, 1965,
                                               Chapter 302, page 610.

Dear Mr. Bolton:

        You have requested our opinion as to whether the pro-
visions of Article 3897, Vernon's Civil Statutes, are applicable
to Bosque County in view of the provisions of Senate Bill 392,
Acts of the 59th Legislature, Regular Session, 1965, Chapter 302,
page 610.

        Senate Bill 392, supra, reads as follows:

        "Section 1.  Paragraph (q), Section 19 of
        Chapter 465, Acts of the Second Called Session,
        44th Legislature, 1935, as amended by Chapter
        205, Acts of the 54th Legislature, 1955, codified
        as paragraph (q), Section 19 of Article 3912e,
        Vernon's Civil Statutes, insofar as said provisions
        are applicable to counties whose officers are com-
        pensated on a salary basis, is hereby repealed.

        "Sec. 2.  Article 3897 of the Revised Civil
        Statutes of Texas, 1925, insofar as said pro-
        visions are applicable to counties whose officers
        are compensated on a salary basis, is hereby
        repealed.

        "Sec. 3.  The provisions of paragraph (q),
        Section 19 of Chapter 465, Acts of the Second
        Called Session, 44th Legislature, 1935, as amended,

- 105 -

and the provisions of Article 3897, Revised Civil
Statutes of Texas, 1925, shall, from and after
the effective date of this Act, be applicable only
to those counties whose officers are compensated
on a fee basis.

"Sec. 4. All laws or parts of laws in conflict
with this Act are hereby repealed.

"Sec. 5. Due to the fact that the above-
cited Statutes have long since become antiquated
and meaningless due to the fact that the present
reports are of no use or benefit to the office-
holder or the person with whom same are to be
filed, and the additional fact that no official
has authority to revise or question these reports,
and the further fact that much time and thousands
of dollars are expended in preparing these need-
less reports, which are not used by the State
Auditor, create an emergency and an imperative
public necessity that the Constitutional Rule re-
quiring bills to be read on three several days
in each House be suspended, and this Rule is here-
by suspended; and that this Act take effect and
be in force from and after its passage, and it is
so enacted."

Section 61 of Article XVI of the Constitution of Texas
provides in part:

"All district officers in the State of Texas
and all county officers in counties having a
population of twenty thousand (20,000) or more,
according to the then last preceding Federal Census,
shall be compensated on a salary basis. In all
counties in this State, the Commissioners Courts
shall be authorized to determine whether precinct
officers shall be compensated on a fee basis or on
a salary basis, with the exception that it shall
be mandatory upon the Commissioners Courts, to

compensate all constables, deputy constables and precinct law enforcement officers on a salary basis beginning January 1, 1949; and in counties having a population of less than twenty thousand (20,000), according to the then last preceding Federal Census, the Commissioners Courts shall also have the authority to determine whether county officers shall be compensated on a fee basis or on a salary basis, with the exception that it shall be mandatory upon the Commissioners Courts to compensate all sheriffs, deputy sheriffs, county law enforcement officers including sheriffs who also perform the duties of assessor and collector of taxes, and their deputies, on a salary basis beginning January 1, 1949." (Emphasis added.)

Bosque County has a population according to the last preceding Federal Census of 10,809 inhabitants. Since Bosque County has a population of less than twenty thousand (20,000), under the provisions of Section 61 of Article XVI, supra, the Commissioners Court of Bosque County has the authority to determine whether the county officers shall be on a fee basis or a salary basis with the exception that Section 61 places all sheriffs and county law enforcement officers on a salary basis. You state in your letter that the Commissioners Court has placed the county clerk, the county judge and the assessor-collector on a fee basis. Therefore, the Commissioners Court of Bosque County has determined, in its discretion, not to compensate the county officers on a salary basis within the meaning of Section 61 of Article XVI of the Constitution of Texas.

Under the provisions of Section 3 of Senate Bill 392, Acts of the 59th Legislature, Regular Session, 1965, Chapter 302, page 610, the provisions of Article 3897, Vernon's Civil Statutes, are applicable to Bosque County. It is noted that Section 3 refers to counties rather than particular offices.

### S U M M A R Y

Article 3897, Vernon's Civil Statutes, is applicable to Bosque County, under the facts

submitted, since the Commissioners Court of Bosque County, pursuant to the provisions of Section 61 of Article XVI of the Constitution of Texas, has determined that the county clerk, the county judge and the assessor-collector are to be compensated on a fee basis.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
Malcolm Quick
James McCoy
Gordon Cass
Wade Anderson

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.